UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Rasene Myton

    v.                                                      Civil No. 22-cv-72-SM

FCI Berlin, Warden

**REPORT AND RECOMMENDATION**

    Petitioner Rasene Myton, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). He challenges the decision of a federal Bureau of Prisons ("BOP") disciplinary hearing officer ("DHO"), finding Mr. Myton guilty of a BOP disciplinary infraction and imposing the loss of good conduct time as a sanction. Pet. Attach. (Doc. No. 1-1 at 1). Mr. Myton alleges that the disciplinary proceedings violated his Fifth Amendment due process rights. See id.; see also Pet. (Doc. No. 1 at 3 ¶ 6(c), 7 ¶ 13, 8 ¶ 15).

    The court conducts a preliminary review to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases (hereinafter "§ 2254 Rules"); § 2254 Rule 1(b) (applying § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A). "Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). Because Mr. Myton proceeds pro se, the court construes his pleadings liberally. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75-76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

I. **Background**

On December 20, 2019, a BOP staff member searched Mr. Myton's cell, which he occupied alone, and found within "a black cellphone inside the top pocket" of a prisoner uniform shirt. Incident Report, Dec. 21, 2019, Pet. Ex. A (Doc. No. 1-3 at 1 ¶ 11). The staff member filed an "Incident Report" on December 21, 2019 regarding the search and cellphone. Id. at ¶ 13.

According to Mr. Myton, the BOP officer who investigated the incident, Lt. D. Hensley, initially provided Mr. Myton with a copy of the Incident Report on December 21, 2019. See BOP Reg'l Admin. Remedy Appeal, Feb. 12, 2020, Pet. Ex. B. (hereinafter "Reg'l Appeal") (Doc. No. 1-3 at 2); DHO Report, Jan. 29, 2020, Pet. Ex. D (Doc. No. 1-3 at 9 ¶ V). Mr. Myton alleges that Lt. Hensley asked Mr. Myton to return the report so Lt. Hensley could refer the matter to an Assistant U.S. Attorney ("AUSA") for possible criminal prosecution. Pet. Attach. (Doc. No. 1-1 at 2). On January 14, 2020, the AUSA declined the case because Lt. Hensley had already questioned Mr. Myton. See id.;

DHO Report (Doc. No. 1-3 at 9 ¶ V).  On that date, after the AUSA declined to prosecute, the Incident Report was "released for administrative sanctions," and BOP staff again provided Mr. Myton with a copy of the Incident Report.  DHO Report (Doc. No. 1-3 at 8 ¶ I(A), 9 ¶ V).

The Unit Disciplinary Committee ("UDC") at FCI Berlin considered the matter on January 15, 2020.  See Incident Report (Doc. No. 1-3 at 1 ¶ 21).  Given the severity of the charged infraction, the UDC referred the matter to the DHO for disciplinary proceedings.  Id. at ¶¶ 18(B), 19.  On January 28, 2020, the DHO conducted a disciplinary hearing on the charge levied against Mr. Myton.  See DHO Report (Doc. No. 1-3 at 8 ¶ I(B)).  After the hearing, the DHO found, "based on the greater weight of evidence," that Mr. Myton committed the disciplinary offense charged.  Id. at 9 ¶ V.  As a penalty for committing that offense, the DHO disallowed forty-one days of Mr. Myton's good conduct time and revoked his commissary privileges for one year.  Id. at ¶ VI.

Mr. Myton subsequently filed administrative appeals unsuccessfully challenging the DHO's decision and resulting sanctions.  See Reg'l Appeal Resp., Apr. 20, 2020, Pet. Ex. B (Doc. No. 1-3 at 3) (denied); Cent. Off. Admin. Remedy Appeal Resp., Pet. Ex. C (Doc. No. 1-3 at 6) (denied).  He now seeks relief in this court, asking for expungement of the Incident

3

Report and reinstatement of the forty-one days of disallowed good conduct time.  Pet. (Doc. No. 1 at 8 ¶ 15); Pet. Attach. (Doc. No. 1-1 at 3).

## II.  Discussion

### A.  Due Process for Disciplinary Proceedings

"[D]ue process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." Superintendent v. Hill, 472 U.S. 445, 453 (1985) (citing Wolff v. McDonnell, 418 U.S. 539 (1974)).  For a BOP disciplinary hearing, these due process procedural protections include "written notice of the charges at least twenty-four hours in advance of the hearing," Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005) (citing Wolff, 418 U.S. at 564); "the ability to call witnesses and present documentary evidence," id. (citing Wolff, 418 U.S. at 566); "an impartial decisionmaker," id. (citing Wolff, 418 U.S. at 570-71); and "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," Hill, 472 U.S. at 454 (citing Wolff, 418 U.S. at 563-67).

After a hearing, when a DHO disallows good time credits as a penalty for a disciplinary violation, due process requires the support of that decision by "some evidence in the record." Id. The DHO's decision satisfies this standard when "any evidence in

the record" exists "that could support the conclusion reached . . . ." Id. at 455–56.

**B.  Mr. Myton's Due Process Claim**

Mr. Myton's sole claim in his § 2241 petition is that BOP staff violated his Fifth Amendment due process rights when they failed to adhere to internal BOP policy — specifically, Program Statement ("PS") 5270.09 and 28 C.F.R. § 541.5(b)(2) — by improperly releasing the Incident Report concerning Mr. Myton's possession of a cellphone to prosecutorial authorities for possible criminal prosecution after interviewing Mr. Myton and providing him with a copy of the Incident Report.  Pet. (Doc. No. 1 at 7 ¶ 13); Pet. Attach. (Doc. No. 1-1 at 1–3).  Mr. Myton does not allege that he was denied any of the aforementioned due process protections to which he is entitled under Hill, Wolff, and Surprenant, and the record before the court demonstrates that the disciplinary hearing before the DHO provided him those protections.  Mr. Myton also does not allege that the DHO based the post-hearing findings on insufficient evidence.

In making his due process argument, Mr. Myton alleges that the BOP staff failed to comply with PS 5270.09.  See Pet. (Doc. No. 1 at 7 ¶ 13); Pet. Attach. (Doc. No. 1-1 at 1–3).  That internal BOP policy states, in pertinent part:

> When it appears likely that the incident may involve criminal prosecution, the investigating officer suspends

5

> the investigation. Staff may not question the inmate until the FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the end of the next business day. The time frame for processing the Incident report is suspended until it is released for processing.

PS 5270.09; accord § 541.5(b). The relevant BOP regulation, 28 C.F.R. § 541.5, provides that

> [t]he discipline process starts when staff witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing. You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.

§ 541.5(a). That regulation further indicates that, "[a]fter [a prisoner] receive[s] an incident report, a [BOP] staff member will investigate it," id. § 541.5(b), though "the staff investigation . . . may be suspended before requesting [a prisoner's] statement if it is being investigated for possible criminal prosecution," id. § 541.5(b)(2).

Mr. Myton is correct in alleging that the BOP failed to adhere to its own regulations and policies, which provide that, where BOP staff are referring an incident report out of the BOP for possible criminal prosecution, "[s]taff may not question the inmate until" the matter is referred back to the BOP for processing as a disciplinary incident. See PS 5270.09; see also § 541.5(b). The "technical violation" of a BOP regulation, however, "'is not actionable' without some showing of prejudice"

6

occasioned by that violation. Marshall v. Ortiz, Civ. Action No. 19-19557 (KMW), 2022 WL 671511 at *4, 2022 U.S. Dist. LEXIS 40055 at *9 (D.N.J. Mar. 7, 2022) (quoting Wallace v. Fed. Det. Ctr., 528 F. App'x 160, 162-63 (3d Cir. 2013)) (discussing § 541.5(a)); see also Brown v. Rectenwald, No. 1:CV-12-1135, 2013 WL 228704 at *4, 2013 U.S. Dist. LEXIS 20169 at *15 (M.D. Pa. Jan. 22, 2013) (concluding that BOP staff did not violate a prisoner's due process rights when staff first investigated disciplinary charges and then referred the charges to the FBI for prosecution eight days later), aff'd on other grounds, 550 F. App'x 96, 98 (3d Cir. 2013).

Mr. Myton has not asserted any facts to demonstrate that the referral for possible prosecution, after BOP staff questioning, prejudiced him in any way in the disciplinary proceedings that he challenges here. Accordingly, the district judge should dismiss Mr. Myton's § 2241 petition as it fails to allege an actionable violation of his due process rights and, therefore, does not state a valid claim for relief. Cf. § 2254 Rule 4; LR 4.3(d)(4)(A)(i).

### III. Conclusion

For the foregoing reasons, the district judge should deny the § 2241 petition and direct the clerk to close this case and enter judgment. Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). "Only those issues fairly raised by the objections to" this Report and Recommendation "are subject to review in the district court and those not preserved by such objection are precluded on appeal." Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 27, 2022

cc:  Rasene Myton, pro se