**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Rasene Myton

   v.                                                    Case No. 22-cv-72-SM

Robert Hazlewood, Warden, FCI-Berlin


**REPORT AND RECOMMENDATION**

Petitioner Rasene Myton has filed a motion (Doc. No. 10) to proceed in forma pauperis ("IFP") in his appeal of this matter, asserting that he "is unable to pay the costs" of his appeal. Doc. No. 10, at 1.  The filing fee for an appeal is $505.  The Court may authorize a prisoner to bring an appeal without prepayment of the filing fee if the prisoner "is unable to pay" that fee.  28 U.S.C. § 1915(a)(1).

In support of his request to proceed IFP in his appeal, Mr. Myton has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal, as required by § 1915(a)(2). The Court's review of that information reveals that, for the six-month period immediately preceding the filing of his notice of appeal, the average monthly balance in Mr. Myton's prison trust account was $5,938.32, and that at the time he filed the instant motion, the balance in that account was $5,614.65.  The Court therefore finds that Mr. Myton has sufficient funds in his prison trust account to pay the filing fee in this matter, and

recommends that the District Judge deny his motion to proceed

IFP.[1]  See Lay v. Okla. Dep't of Corrs., 746 F. App'x 777, 780

(10th Cir. 2018) (finding District Court acted within its

discretion when it denied prisoner's IFP motion on the basis

that the $550.67 in his prison account "sufficed to prepay" the

$402 filing fee); Noe v. U.S. Gov't, No. 21-cv-00780-GPG, 2021

U.S. Dist. LEXIS 100022, at *2, 2021 WL 2093242, at *1 (D. Col.

May 11, 2021) (denying prisoner's request to proceed IFP because

prisoner had $3660 in his prison account when he applied for IFP

status, and after sending $3000 to family, still had $660 in his

prisoner account and therefore had "sufficient funds" to pay

$402 filing fee).


### Conclusion

    For the foregoing reasons, the District Judge should deny

Mr. Myton's motion to proceed IFP on appeal (Doc. No. 10).  Any

objections to this Report and Recommendation ("R&R") must be

filed within fourteen days of receipt of this notice.  See Fed.

---

    [1] The Court notes that even if it granted Mr. Myton's motion
and allowed him to proceed without prepayment of the filing fee,
28 U.S.C. § 1915(b)(1) requires the Court to assess an "initial
partial filing fee of 20 percent of the greater of – (A) the
average monthly deposits to the prisoner's account; or (B) the
average monthly balance in the prisoner's account for the 6-
month period immediately preceding the filing of the . . .
notice of appeal."  Here, that would be $1187.66, which is more
than double the $505 filing fee.

R. Civ. P. 72(b)(2).   The fourteen-day period may be extended

upon motion.

Failure to file specific written objections to this R&R

within the specified time waives the right to appeal the

district court's order.   See Santos-Santos v. Torres-Centeno,

842 F.3d 163, 168 (1st Cir. 2016).   "Only those issues fairly

raised by the objections to" this Report and Recommendation "are

subject to review in the district court and those not preserved

by such objection are precluded on appeal."   Id. (citations

omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 22, 2022

cc:  Rasene Myton, pro se

3